IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frederick Stuhr *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>United States Army Corps of Engineers Charleston District *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-03357-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Federal Defendants'[1] motion to partially dismiss Plaintiffs' first amended complaint. (Dkt. No. 11). Plaintiffs opposed the motion (Dkt. No. 13), and Federal Defendants replied (Dkt. No. 14). For the reasons set forth below, the Court denies Federal Defendants' motion.

I.   **Background**

A mitigation bank is a site where resources, such as wetlands, streams, or riparian areas, are "restored, established, enhanced, and/or preserved for the purpose of" "offsetting unavoidable adverse [environmental] impacts" elsewhere. 33 C.F.R. § 332.2. A mitigation bank instrument ("MBI") is "legal document for the establishment, operation, and use of a mitigation bank" *Id.*

Plaintiffs allege that the Corps and EPA violated the Clean Water Act ("CWA") by approving and authorizing an MBI in contravention of applicable law and regulations. (Dkt. No.

---

[1] Federal Defendants include United States Army Corps of Engineers, Charleston District ("Corps"); LTC Andrew Johannes *in his official capacity as Commander and District Engineer of the Charleston District*; Christine Wormuth *in her official capacity as Secretary of the United States Army*; LTG Scott A. Spellmon *in his official capacity as Chief of Engineers*; United States Environmental Protection Agency ("EPA"); Michael S Regan *in his official capacity as Administrator of the US Environmental Protection Agency*; and Jeaneanne Gettle *in her official capacity as Acting Regional Administrator, Region IV, US Environmental Protection Agency*.

1

9).  Relevant here, Plaintiffs brought two causes of action under the Administrative Procedure Act ("APA") and one cause of action under the citizen's suit provision of the Clean Water Act.  (*Id.*).

Federal Defendants moved to dismiss Plaintiffs' cause of action under the CWA, arguing that Plaintiffs failed to notice the CWA claim as required by law and that Plaintiffs failed to allege a cognizable claim against the Corps and EPA.  (Dkt. No. 11).  Plaintiffs opposed the motion, arguing that their Notice Letter provided adequate notice under the CWA's requirements and the complaint alleges a cognizable claim against the Corps and EPA.  (Dkt. No. 13).  Federal Defendants replied.  (Dkt. No. 14).  This matter is ripe for the Court's review.

## II.     Legal Standard

### A. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks the statutory authority to hear and decide the dispute.  FED. R. CIV. P. 12(b)(1).  Where a defendant attacks subject matter jurisdiction based on the face of the complaint—as is the case here—the court should accept all uncontroverted, well-pleaded allegations as true in deciding the motion. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  However, the burden of establishing jurisdiction falls squarely upon the plaintiff.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

### B. Rule 12(b)(6)

Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980

F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted).  In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980).  However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.    Discussion**

The Clean Water Act ("CWA") was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).  Section 404 of the CWA established a program to regulate "the discharge of dredged or fill material into the navigable waters" of the United States.  33 U.S.C. § 1344.  Section 404 requires a party to obtain a permit before dredged or fill material may be discharged into the navigable waters of the United States.  *Id.*  The Secretary of the Army, acting through the Army Corps Chief of Engineers, issues permits under Section 404; however, permitting decisions must be based on EPA guidelines.  *Id.*  The Administrator of the EPA has authority to override or modify a permitting decision.  *Id.*  This concurrent and overlapping statutory authority makes "quite clear that both the Corps and the EPA

3

are responsible for the issuance of permits under the CWA and enforcement of their terms." *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 315 (4th Cir. 1988). The CWA contains a citizen's suit provision, which allows a citizen to bring suit "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a). The Fourth Circuit has held that the citizen's suit provision "should be interpreted in conjunction with Civil Procedure Rule 20 (joinder) to allow citizens to sue the Administrator and join the Corps when the Corps abdicates its responsibility to make reasoned wetlands determinations and the Administrator fails to exercise the duty of oversight imposed by section 1344(c)." *Hanson*, 859 F.2d at 316. The Fourth Circuit reasoned that "Congress cannot have intended to allow citizens to challenge erroneous wetlands determinations when the EPA Administrator makes them but to prohibit such challenges when the Corps makes the determination and the EPA fails to exert its authority over the Corps' determination." *Id.*

Under the Clean Water Act, no citizen suit "may be commenced . . . prior to sixty days after the plaintiff has given notice of such action to the Administrator." 33 U.S.C. § 1365(b). The CWA requires that "[n]otice . . . shall be given in such manner as the Administrator shall prescribe by regulation." *Id.* Under the corresponding regulation, a Notice shall (1) " identify the provision of the Act which requires such act or creates such duty"; (2) "describe with reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform such act or duty"; and (3) "state the full name, address and telephone number of the person giving the notice." 40 C.F.R. § 135.3(b).

While "compliance with the notice" provisions of the CWA "is a mandatory condition precedent to the commencement of a suit under this Act," the Fourth Circuit has "warn[ed] against

4

an overly technical application of regulatory requirements." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399–400 (4th Cir. 2011)  "[T]he requirement of adequate notice does not mandate that citizen plaintiffs list every specific aspect or detail of every alleged violation." *Id.* at 401. (quotations and citations omitted).  Instead, "[n]otice given by a citizen plaintiff under the Clean Water Act thus must provide the alleged violator with enough information to attempt to correct the violation and avert the citizen suit." *Id.*

### A. Plaintiffs' Notice Letter is Sufficient.

First, Federal Defendants argue that this Court lacks subject matter jurisdiction to consider Plaintiffs' CWA claim because Plaintiffs failed to adequately notice the claim.  (Dkt. No. 11 at 13).  They argue that "Plaintiffs' Notice Letter focused on the Corps' approval of Point Farm's MBI . . ." (*Id.*).  ". If EPA's failure to perform a nondiscretionary duty under the CWA is the basis for Plaintiffs' CWA claim" Federal Defendants argue, "Plaintiffs were obligated to identify this inaction to allow EPA to sufficiently evaluate the allegation and, if necessary, attempt to correct the purported violation"  (*Id.* at 15).

The Court finds that there is subject matter jurisdiction because Plaintiffs have clearly provided adequate notice.  The Fourth Circuit has stated that it is "quite clear that both the Corps and the EPA are responsible for the issuance of permits under the CWA and enforcement of their terms," such that citizens may "sue the Administrator and join the Corps when the Corps abdicates its responsibility to make reasoned wetlands determinations and the Administrator fails to exercise the duty of oversight imposed by section 1344(c)." *Hanson*, 859 F.2d at 315–16.  The Court finds that this is precisely what Plaintiffs did in this case.  Their Notice Letter detailed the alleged flaws in the Corps' decision-making process, and then they sued both the Corps and the Administrator.

For example, Plaintiffs stated the Corps erred by granting the MBI even though Point Farm does not own the salt marsh. (Dkt. No. 9-1 at 3). Plaintiffs then pointed to the Corps Guidelines for Preparing a Compensatory Mitigation Plan, which advise against granting a permit when the applicant does not have sufficient control over the land. (*Id.*). Second, Plaintiffs stated that the Corps erred in granting the permit because there was no real threat to the salt marsh, and if there were, Point Farm failed to remove those threats. (*Id.* at 5). In support of this argument, Plaintiffs cited to 33 C.F.R. § 332.3(h), comments in the public record, and the Corps' reasoning. (*Id.* at 5-6). Lastly, Plaintiffs argued that the Corps erred by failing to consider the objections of sister agencies and the public. (*Id.* at 7). In support of this argument, Plaintiffs point to 33 C.F.R. § 332.8(b)(4) and comments in the public record.

The Court finds that the Notice Letter is sufficient. It notifies the reader that the Corps allegedly failed to make a reasoned decision (on multiple grounds, citing several sources of authority) and the EPA allegedly is also at fault because it concurred in the decision. The relevant citations also tell the reader where the violations stem from, which will allow the reader to remedy them. Simply stated, the Notice Letter "provide[d] the alleged violator with enough information to attempt to correct the violation and avert the citizen suit." *Gaston Copper Recycling Corp.*, 629 F.3d at 400.

Lastly, Federal Defendants argue that the Court lacks subject matter jurisdiction because Plaintiffs failed to include telephone numbers in the Notice Letter. Plaintiffs concede that the telephone numbers are not present even though the regulation requires "the full name, address and telephone number of the person giving the notice." 40 C.F.R. § 135.3(b). Still, the Fourth Circuit has given guidance for this scenario. "Although the notice requirements for citizen suits brought under the Clean Water Act are strict and specific, we nevertheless agree with the cautionary

reasoning of other circuits warning against an overly technical application of regulatory requirements." *Gaston Copper Recycling Corp.*, 629 F.3d at 399–400. The Court finds that Plaintiffs' Notice was sufficient in this case and a finding that Notice is insufficient on a technicality would be "an overly technical application of regulatory requirements." *Id.*

**B. Plaintiffs alleged a cognizable CWA claim against the EPA and Corps.**

Federal Defendants argue that Plaintiffs fail to allege a cognizable CWA claim against the Corps and the EPA. (Dkt. No. 11). Federal Defendants advance several arguments. The Court will address each in turn.

First, Federal Defendants argue that the plain language of the CWA's citizen suit provision only authorizes suit against the Administrator of the EPA—not the Corps. (Dkt. No. 11 at 18). The Fourth Circuit has already shut the door on this argument. In *Hanson,* the Fourth Circuit held:

> Congress cannot have intended to allow citizens to challenge erroneous wetlands determinations when the EPA Administrator makes them but to prohibit such challenges when the Corps makes the determination and the EPA fails to exert its authority over the Corps' determination. Section 1365(a)(2) should be interpreted in conjunction with Civil Procedure Rule 20 (joinder) to allow citizens to sue the Administrator and join the Corps when the Corps abdicates its responsibility to make reasoned wetlands determinations and the Administrator fails to exercise the duty of oversight imposed by section 1344(c).

*Hanson*, 859 F.2d at 316. Since the Fourth Circuit has already held that the CWA's citizen suit provision authorizes suit against the Corps, the Court rejects this argument.

Second, Federal Defendants argue that Plaintiffs failed to allege a non-discretionary duty that the Corps was required to perform. (Dkt. No. 11 at 19). Plaintiffs allege that "the Corps erred by failing to consider the objections of sister agencies and the public" contrary to 33 C.F.R. S 332.8(b)(2), (4). (Dkt. No. 9-1 at ¶ 57). Plaintiffs also allege that the "Corps approved a preservation proposal that does not meet the Corps' regulatory definition of preservation." (*Id.* at

7

¶ 55). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). At this stage, the Court finds that these allegations are sufficient and that Plaintiffs' have alleged non-discretionary duties that the Corps were required to perform.

Third, Federal Defendants argue that Plaintiffs have also failed to allege a cognizable claim against the EPA. (Dkt. No. 11 at 22). Federal Defendants argue that "EPA's authority under CWA section 404(c) is plainly discretionary," such that Plaintiffs cannot maintain this action against EPA. (*Id.* at 23). As discussed above, the Fourth Circuit has already addressed and rejected this argument. The Administrator may be sued when he or she fails to exercise the duty of oversight imposed by section 1344(c). Accordingly, the Court rejects this argument.

### C. Plaintiffs may not proceed with their alternative claim against the Corps.

The APA permits review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As the Court determined claim three may proceed under the CWA citizen suit provision, the alternate claim for relief under the APA under claim three is precluded. *See S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, Civil Action No. 2:17-cv-3212-BHH, (Jan. 30, 2019).

### IV. Conclusion

For the reasons set forth below, the Court denies Federal Defendants' motion. (Dkt. No. 11). The Court also finds that Plaintiffs' alternative claim for relief under the APA under claim three is precluded.

**AND IT IS SO ORDERED.**

    _s/ Richard Mark Gergel_
    Richard Mark Gergel

United States District Judge

December 27, 2023
Charleston, South Carolina