# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Frederick Stuhr, *et al.*, <br><br>            Plaintiffs, <br>    v. <br><br> United States Army Corps of Engineers, *et al.*, <br><br>            Defendants. | Case No. 2:23-cv-3357-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Proposed Intervenor American Mitigation Company's ("AMC") Second Motion to Intervene in this case pursuant to Fed. R. Civ. P. 24. (Dkt. No. 41). Federal Defendants and Plaintiffs responded in opposition to the motion. (Dkt. Nos. 42, 44). For the reasons set forth below, the Court denies AMC's motion.

## I.    Background

AMC previously filed a Motion to Intervene in this case on April 4, 2024, citing its substantial investment in the Point Farm Mitigation Bank as grounds for its proposed intervention. (Dkt. No. 27). The Court denied AMC's motion, reasoning that AMC's interests were adequately represented by Federal Defendants and that such intervention would only result in duplicative briefing without additional benefit to this Court where its review is confined to the administrative record. (Dkt. No. 33).

AMC renewed its request for intervention on October 7, 2024. (Dkt. No. 41 at 1-2). It recounts an instance on August 28, 2024 where Jim Taylor, a relative of two Plaintiffs in this case, allegedly requested that the Department of Environmental Services Bureau of Coastal Management ("BCM") inspect the Point Farm Mitigation Bank and proceeded to accompany

1

BCM throughout the course of that inspection without notice to AMC. (*Id.* at 2).  In AMC's view, "it is troubling that a third-party, directly related to two of the plaintiffs in this case, initiated the visit, accompanied BCM and collected evidence" and "[t[he trespass and unauthorized collection of photographic information that occurred would not have happened had AMC been a party to this matter" because "Plaintiffs' counsel would have coordinated with all parties for an inspection." (*Id.*).  Per AMC, "[t]he harm that can occur to the mitigation bank and its owner/operators, when a site visit is conducted and a party with divergent interests inserts themselves into the site visit, is that false information is provided to the agencies, confusion is created amongst the contractors, and a stop work order could be issued based on false claims, such as Mr. Taylor's claims that there were permit violations." (Dkt. No. 41-1 at 3).

     Plaintiffs paint a different picture of the August 28, 2024 Point Farm site visit in their opposition to AMC's motion.  They explain that Mr. Taylor did not trespass onto the Point Farm property, but rather was contacted by Plaintiffs' counsel to show a representative from BCM how to reach the excavation site that landowners on Wadmalaw had reported out of concern that AMC was violating the terms of its permit. (Dkt. No. 44 at 44-1).  Per Mr. Taylor, he met Caroline Cooper, the Compliance Project Manager for BCM, at the entrance to the Point Farm property, at which point they were met and escorted by Riley Lecka, the Director of Construction Services for Wildlands Construction, to the excavation site. (*Id.*).  AMC contends that Mr. Taylor was only allowed onto the property as a result of a misunderstanding by Mr. Lecka, who assumed that Mr. Taylor was, like Ms. Cooper, a BCM employee. (Dkt. No. 41-2).

     Federal Defendants also oppose AMC's motion, explaining that AMC's assertion that all Parties would have coordinated an inspection had AMC been a named party to this litigation is

2

baseless and pointing out that the Corps itself did not take part in the August 28, 2024 inspection. (Dkt. No. 42 at 2).

## II.    Legal Standard

Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  A district court "has broad discretion in granting permissive intervention" and Rule 24(b) is "construed liberally in favor of intervention." *Backus v. South Carolina*, No. 3:11-CV-03120-HFF, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).  A court may also allow intervention in the interests of judicial economy where a common question of fact exist, such that factual determinations by a jury would directly impact the intervening party. *Backus*, 2012 WL 406860, at *2.

## III.   Discussion

As both Plaintiffs and Federal Defendants note, BCM is permitted to inspect the Point Farm site at any time and AMC being party to the proceeding would not have prevented the inspection from occurring. (Dkt. Nos. 42 at 2-3, 44 at 3).  AMC did not rebut this explanation. The Court finds no sufficient reason justifying AMC's intervention at this stage, and **DENIES** AMC's Second Motion to Intervene. (Dkt. No. 41).

**AND IT IS SO ORDERED**.

                                            _s/Richard M. Gergel_
                                            Richard Mark Gergel
                                            United States District Judge

October 29, 2024
Charleston, South Carolina