# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Frederick Stuhr, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> U.S. Army Corps of Engineers Charleston District, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-003357-RMG <br><br> **ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for reconsideration of the Court's May 2, 2025 Order granting summary judgment to Defendants. (Dkt. No. 59). Defendants oppose Plaintiffs' motion (Dkt. No. 64). For the reasons set forth below, the Court denies Plaintiffs' motion.

## I. Background

Plaintiffs challenge Defendants' approval of the Point Farm Mitigation Bank ("PFMB") on Wadmalaw Island in Charleston County, South Carolina, alleging that such approval was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). (*See generally* Dkt. No. 1). The Parties filed cross motions for summary judgment (Dkt. Nos. 43, 48). The Court ordered summary judgment in favor of Defendants upon finding that Plaintiffs lacked standing to bring their claim where certain of Plaintiffs' alleged injuries (the nuisance occasioned by construction of the mitigation bank) had been completed and were thus moot and where the threat of "intensive development" was speculative and therefore unripe. (Dkt. No. 57 at 4-5). Plaintiffs move this Court to reconsider its summary judgment order, arguing that the Court committed clear legal error by "misappl[ying] the law regarding environmental standing." (*Id.* at 4).

1

## II. Legal Standard

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018).

## III. Discussion

The Court declines to reconsider its summary judgment order. Plaintiff explains that its "fundamental claim" is that "the approval of this invalid mitigation bank not only fails to protect this wetland from ongoing, concrete harm but also threatens other wetland ecosystems that the regulatory framework is designed to protect by allowing those who are damaging or eliminating wetlands to use mitigation credits from this bank, which protects very little, if anything." (Dkt. No. 59-1 at 4). However, Plaintiffs cannot escape the hurdle imposed by Article III's requirement that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Even in the phrasing of their "tangible harms," Plaintiffs rely on the threat of "***potential*** future upland development" and "development ***potential*** and zoning status of the property" which "creates concrete, non-

2

speculative injury for environmental standing purposes." (*Id.* at 5). Plaintiffs cite no authority for this proposition, and the Court reiterates its finding that Plaintiffs' complained-of injuries are speculative. (Dkt. No. 57 at 5-6). That zoning for the Point Farm property is contested in another case before this Court is not an issue before this Court for purposes of this case, and as a result is not redressable. (Dkt. No. 59-1 at 5) (citing *Point Farm Investors, LLC v. Charleston County, South Carolina*, 2:23-cv-00854-RMG (USDC, Chas. Div. 2023)).

The Court next addresses "[t]he regulatory harm resulting from the approval of an ineffective mitigation bank that permits the destruction of genuine wetlands elsewhere while claiming to 'preserve' wetlands that are already protected." (*Id.*). Plaintiffs argue "[t]he PFMB approval allows the equivalent of $19 million worth of wetland destruction elsewhere in the community to be "mitigated" by preserving wetlands that are largely already protected" which "directly harms Plaintiffs' interests in effective environmental protection." (*Id.* at 6). "The relevant showing for purposes of Article III standing, however, is not injury to the environment but injury to the plaintiff." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Plaintiffs' standing declarations focus entirely on either (1) the aesthetic harms caused by the construction of PFMB, which are now moot (and for which Plaintiffs did not seek an injunction to halt) or (2) potential future harms based on hypothetical future development and zoning decisions that may (or may not be) rely on mitigation credits generated by the PFMB. (*See* Dkt. Nos. 51-1—51-9). The problem with Plaintiffs' argument is that that potential future development or zoning is not the subject of this litigation—rather, the Corps' authorization of the NWP 27 pursuant to the establishment of the mitigation bank is. And the Court does not find that *that* action has injured Plaintiffs. Plain and simple, Plaintiffs' hypothetical future injuries are not redressable by this Court in this action.

3

Plaintiffs' third alleged harm is "[t]he aesthetic and recreational harm from approving a mitigation scheme that undermines the integrity of wetland protection in Charleston County by allowing credits in a bank that does not adequately preserve any wetlands beyond those already protected under the public trust." (*Id.* at 5). The Court thoroughly considered and rejected this argument in its summary judgment order, explaining that it failed to see how the protection of wetlands harmed Plaintiffs' aesthetic and recreational interests. (Dkt. No. 57 at 5). In other words, Plaintiffs fail to explain how the aesthetic and recreational values of the area will be *lessened* by approval of the mitigation bank, which has the effect of protecting wetlands within the mitigation bank. (*Id.*) (citing *Laidlaw*, 528 U.S. at 183) ("[E]nvironmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity."). While the Court understands Plaintiffs' argument that mitigation credits generated by PFMB may be used in the future to offset the effects of potential future developments, not only are these cited potential future impacts speculative, but themselves will be subject to agency and (potentially) judicial review. The Court thus reiterates its holding that, to the extent Plaintiffs complained of aesthetic and recreational harms resulting from the construction of the mitigation bank, such claims are moot, and to the extent Plaintiffs' clams anticipate future potential development, such claims are not ripe.[1]

---

[1] Plaintiffs claim that this Court misapplied the holding of *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475 (4th Cir. 2015), but confuses the portion of the Court's analysis to which its application of *S.C. Coastal* was directed. (Dkt. No. 59-1 at 7). The Court held that, as in *S.C. Coastal*, Plaintiffs' aesthetic injuries were moot where construction of the mitigation bank had already been completed. (Dkt. No. 57 at 4).

## IV.  Conclusion

In light of the foregoing, Plaintiffs' motion for reconsideration (Dkt. No. 59) is **DENIED.**

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 24, 2025
Charleston, South Carolina